UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIAH LOPEZ,

        **Plaintiff,**

    vs.                                  1:19-CV-1072
                                           (TJM/CFH)
CITY OF ALBANY, CAPITAL REGION
TRANSPORTATION AUTHORITY; and CITY OF
WATERVLIET,

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### ORDER

    Before the Court is Plaintiff's motion for a Temporary Restraining Order and other injunctive relief, which is contained in her Complaint.

    Plaintiff Mariah Lopez commenced this action on August 29, 2019. Plaintiff alleges that she suffers from Post-Traumatic Stress Disorder, gender dysphoria, general anxiety, and other issues. Complaint, dkt.# 1, at ¶ 4.[1] Plaintiff alleges that on July 25, 2019, she was visiting the Defendant City of Watervliet in order to use public transportation to

---

[1] Plaintiff, who proceeds *pro se*, filled out a hand-written complaint form provided by the Clerk of Court for actions brought pursuant to the American Disabilities Act. The Court will refer to this document as the "Complaint" or "Complt." and cite to the numbered paragraphs. Plaintiff appended a typewritten complaint to this form. It does not contain numbered paragraphs. The Court will refer to that document as the "Typewritten Complaint" or "TC" and will cite to the page numbers.

1

commute to Schenectady County Community College.  TC at 2.  She intended to sign up for classes for the coming semester.  Id.  When Plaintiff boarded a bus operated by Defendant Capital District Transportation Authority ("CDTA") in Watervliet, the bus operator began to challenge the "validity" of the service dog that Plaintiff used for her disability.  Id.

"Plaintiff felt harassed, fearful, anxious and eventually . . . traumatized."  Id.  Plaintiff believed that the bus operator challenged her service animal and her status as a disabled person "in part" because Plaintiff is a transgender person.  Id. at 3.  The bus operator ordered Plaintiff to produce documents proving that her dog was a service animal or get off the bus.  Id.  Plaintiff contends that this conduct violated the Americans with Disabilities Act.  Id.  Plaintiff further alleges that the bus operator started verbally harassing her.  Id.  The operator threatened to call the police.  Id.  When Plaintiff repeated to the bus driver that she was disabled and the dog a service animal, "[t]he bus operator became more dismissive, cruel and retaliatory as Plaintiff refused to exit the bus."  Id.  The bus operator responded by "becoming agitated and aggressive" and encouraged other passengers to retaliate against Plaintiff and harass her.  Id.  As passengers appeared to blame Plaintiff for delaying their commute, Plaintiff and her dog both faced threats to their safety.  Id.  "Multiple passengers," as well as the bus operator, verbally abused Plaintiff about her need for the service dog.  Id.  One passenger, within earshot of the bus operator, threatened the Plaintiff and demanded she produce documents for the service animal.  Id. at 3-4.  This passenger scared the Plaintiff.  Id.

Plaintiff alleges that the bus operator did not protect her, but instead made a false 911 call and fabricated a claim that Plaintiff threatened passengers with a weapon.  Id. at

2

4. Other passengers, not the bus operator, intervened to prevent the passenger who threatened Plaintiff from attacking her.

Watervliet Police Officers and CDTA supervisors arrived on the scene. Id. Plaintiff contends that the bus operator kept making false statements to them about her threatening passengers with a weapon. Id. Plaintiff recorded the incident with her cell phone because she felt she had been bullied because of her disability and her gender identity. Id. She alleges that police failed to take her complaints seriously. Id.

A similar incident with the same bus operator and Watervliet police occurred the next day. Id. at 5. The bus operator refused to allow her on the bus and called police and CDTA supervisors again, alleging Plaintiff had a weapon. Id. Police and the CDTA refused to help Plaintiff, but instead accused her of threatening the bus operator the previous day. Id.

Plaintiff contends that she "seeks injunctive relief to ensure that Disabled People with Service Animals can access CDTA without discrimination, harassment, intimidation, and abuse." Id. She also seeks monetary damages "to compensate her for her emotional distress and for Defendants' blatant violation of her rights as a disabled person." Id.

Plaintiff's Complaint also contains a request for a Temporary Restraining Order and injunctive relief that directs "CDTA to allow Plaintiff to access CDTA buses and other places of public accommodation." Id. at 6. She alleges that she fears CDTA employees with continue to ask for service animal documents when she boards CDTA buses because they are not adequately trained. Id. She also fears retaliation from bus operators and other CDTA employees by creating additional confrontations or refusing to stop for her. Id.

Local Rule 7.1(f) provides: "Any application for a temporary restraining order must be served on all other parties unless Fed. R. Civ. P. 65 otherwise permits."  Fed. R. Civ. P. 65 provides:

> (b) Temporary Restraining Order.
>
> > (1) Issuing Without Notice.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> >
> > > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > >
> > > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not certified in writing that she made efforts to give notice to the Defendants or explained reasons why advance notice should not be required.  She has failed to meet the requirements of Rule 65 to obtain a TRO without notice.

To the extent Plaintiff's application is deemed a request for an order to show cause, she also fails to comply with the Local Rules. Local Rule LR 7.1(e) provides:

> [A] motion brought by Order to Show Cause must include an affidavit clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used. Reasonable advance notice of the application for an Order to Show Cause must be given to the other parties, except in those circumstances where the movant can demonstrate, in a detailed and specific affidavit, good cause and substantial prejudice that would result from the requirement of reasonable notice.

Plaintiff fails to include an affidavit clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used, or that she gave reasonable advance notice of the application to the Defendants.

Based on the procedural deficiencies outlined above, the application for a TRO and other injunctive relief is **DENIED** with leave to renew upon proper papers.

**IT IS SO ORDERED**

DATED: August 31, 2019

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge