**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARIAH LOPEZ,**

        **Plaintiff,**
  v.                               No. 1:19-CV-1072(TJM/CFH)

**CITY OF ALBANY,** *et al.*,

        **Defendants**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

**I.**     **INTRODUCTION**

This *pro se* action brought pursuant to Titles II and III of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") , and the New York State Human Rights Law was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, to review plaintiff's *in forma pauperis* application and for an initial review of the complaint pursuant to 28 U.S.C. § 1915(e). Plaintiff alleges that defendants City of Albany, Capital Region Transportation Authority, City of Watervliet, Capital District Transportation Authority ("CDTA"), City of Watervliet General Manager Jeremy Smith, and Albany County Executive Daniel P. McCoy failed to reasonably accommodate her disability, retaliated against her, and discriminated against her. *See* generally Compl., Dkt. No. 1. Magistrate Judge Hummel recommends that some of Plaintiff's claims be allowed to proceed, that some be dismissed without prejudice while

1

affording her an opportunity to amend to cure identified deficiencies in her pleading, and that some be dismissed with prejudice. Plaintiff has not filed timely objections.

## II. DISCUSSION

After examining the record, this Court has determined that the recommendations in the Report-Recommendation and Order are not subject to attack for plain error or manifest injustice.

## III. CONCLUSION

Accordingly, the Court **ACCEPTS and ADOPTS** the recommendations in the Report-Recommendation and Order [Dkt. No. 5] for the reasons stated therein. Therefore, it is hereby

**ORDERED** that to the extent that plaintiff sets forth ADA/Section 504 reasonable accommodation claims against defendants City of Albany, Capital Region Transportation Authority, and CDTA, such claims are allowed to proceed, and it is further

**ORDERED** that to the extent that plaintiff sets forth ADA/Section 504 retaliation claims based on her disability against defendants City of Albany, Capital Region Transportation Authority, CDTA, and the City of Watervliet, such claims are allowed to proceed; and it is further

**ORDERED** that to the extent that plaintiff attempts to set forth ADA retaliation claims based of her status as a transgender person or diagnosis of gender dysphoria against the defendants, such claims are dismissed with prejudice; and it is further

**ORDERED** that to the extent that plaintiff attempts to allege that defendants intentionally discriminated against her due to her gender identity in violation of Section 296

2

of the New York State Human Rights Law, these claims are dismissed without prejudice and with an opportunity to amend to demonstrate how the defendants prevented her from entering the bus due to her gender identity; and it is further

**ORDERED** that plaintiff's ADA claims against the individual defendants are dismissed without prejudice and with an opportunity to amend to demonstrate how the individual defendants discriminated against plaintiff under the ADA; and it is further

**ORDERED** that to the extent that plaintiff seeks money damages against Jeremy Smith and Daniel P. McCoy under the ADA, these claims are dismissed with prejudice; and it is further

**ORDERED** that plaintiff is provided thirty (30) days from the date of this Decision and Order to file an amended complaint limited to claims not otherwise dismissed with prejudice by the Court. Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading. Any amended complaint must be a complete pleading and include all facts and claims not otherwise dismissed by the Court with prejudice. Therefore, if plaintiff files an amended complaint, she **must properly allege in the amended complaint all factual bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**</u> If plaintiff files an amended complaint within the time frame set forth herein, the Clerk of the Court is to return the case to Magistrate Judge Hummel for review of the amended complaint; and it is further

**ORDERED** that should plaintiff decline to file an amended complaint within the time frame set forth herein, the Clerk of the Court is to return the case to Magistrate Judge

Hummel for service of the complaint with the unamended claims deemed stricken.

The Clerk of the Court may terminate Jeremy Smith and Daniel P. McCoy as defendants with the understanding that they may be added as defendants if plaintiff files an amended complaint naming them in any claim.

**IT IS SO ORDERED.**

Dated: January 23, 2020

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge