UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIAH LOPEZ,

                **Plaintiff,**

    v.                                    1:19-CV-1072
                                               (TJM/CFH)

CITY OF ALBANY, et al.,

                **Defendants.**
_____

THOMAS J. McAVOY,
Sr. U. S. District Judge

## DECISION & ORDER

Before the Court is Defendant City of Albany's motion to dismiss. See dkt. # 12. Plaintiff has not responded to the motion, and the time for such response has passed. The Court will treat the motion as unopposed.

**I.    BACKGROUND**

Plaintiff filed he *pro se* Complaint on August 29, 2019. See dkt. # 1. She alleges that she "has been diagnosed with multiple disabilities." Id. at 1.[1] She receives Supplemental Security Income ("SSI"), and has done so since she left foster care in 2005. Id. She uses a service dog to help manage her symptoms. Id. She first began using a service dog while in foster care. Id. Plaintiff has sued the City of New York for refusing to admit her service dog into a shelter, and the Court managing that case accepted her need for the dog and issued a temporary restraining order directing the City to allow her dog in

---

[1] The facts alleged in the Complaint are not in numbered paragraphs. The Court references the numbered page on which the statement in question occurs.

1

shelters. Id.

Plaintiff is a student at Schenectady County Community College. Id. at 2. She uses buses operated by Defendant Capital District Transportation Authority ("CDTA"), receiving free rides on CDTA buses as part of her student status. Id. CDTA headquarters are located in Defendant City of Watervliet, New York. Id. Plaintiff further alleges that "[t]he Municipality of Albany and Watervliet are physically within the Jurisdiction of the Northern District of New York, and both incidents alleged in this complaint occurred within [the] geographic jurisdiction of the same." Id.

On July 25, 2019, Plaintiff was visiting the City of Watervliet on her commute to the Community College. Id. Plaintiff planned to sign up for classes at the Community College for the next semester. Id. She boarded a bus operated by the CDTA at 13th Street and Broadway in Watervliet. Id. As she got on the bus, the bus driver began to make statements that questioned the validity of her service animal and her status as a person with a disability. Id. Plaintiff alleges that she "felt harassed, fearful, anxious and eventually . . . traumatized." Id. Plaintiff contends that her transgender identity helped to cause the bus driver to challenge her disability and use of a service animal. Id. at 3. The bus driver, she claims, ordered her either to produce documentation to "prove" her dog was a service dog or get off the bus. Id. As Plaintiff protested, the driver "became more dismissive, cruel and retaliatory" when Plaintiff refused to leave the bus. Id. The bus driver became "agitated and aggressive" and encouraged other passengers "to retaliate and harass Plaintiff." Id. The driver would not move on to the next stop unless Plaintiff got off. Id. The driver's conduct caused other passengers to blame Plaintiff for the delay in their commute. Id. The driver's conduct endangered Plaintiff and her dog, as the driver and

2

other passengers began to verbally abuse her.  Id.   Another passenger "menaced and almost physically assaulted Plaintiff" when that passenger demanded she produce documents concerning her dog.  Id.

Rather than intervening to protect Plaintiff, the bus driver called the Watervliet Police.  Id. at 4.  The bus driver falsely told officers that Plaintiff had threatened passengers with a weapon.  Id.  Other passengers actually intervened to protect Plaintiff from the passenger who threatened her.  Id.  A Watervliet Police Officer arrived at the bus, and the driver continued to make false statements about Plaintiff's conduct.  Id.  He claimed that Plaintiff had threatened passengers with a weapon.  Id.  Plaintiff had recorded the incident on her phone, which she showed Police and CDTA supervisors.  Id.  Plaintiff felt that her disability and her transgender status influenced how Police treated her.  Id.  They did not take her complaint seriously.  Id.

The next day, Plaintiff again waited for the bus with her dog.  Id.  The same bus driver at the same stop would not let her and her dog on the bus; he would not even open the door.  Id.  Passengers "sided with Plaintiff as the operator needlessly stalled the bus by exiting the bus and choosing to stand with Plaintiff."  Id. at 5.  The driver again called the Police and CDTA supervisors, claiming that Plaintiff had threatened him.  Id.  Police again backed the driver, preventing Plaintiff from getting on the bus on the pretext that she had threatened the driver.  Id.  A CDTA supervisor named Ray supported these untruths to the Police, even though he should have investigated the incident from the previous day and known that the driver was lying.  Id.  Plaintiff's recording of that incident and the one from the previous day support her claims.  Id.

Plaintiff's Complaint seeks an injunction, compensatory damages, and punitive

3

damages.

As Plaintiff had moved to proceed *in forma pauperis*, Magistrate Judge Christian F. Hummel gave the Complaint a preliminary review. See dkt # 5.  On October 9, 2019, Magistrate Judge Hummel recommended that Plaintiff's claims for discrimination and failure to accommodate on the basis of her disability against Defendants City of Albany, Capital Region Transportation Authority, and the CDTA be permitted to continue.  He further recommended that Plaintiff's retaliation claim under the ADA on the basis of her transgender status or her diagnosis of gender dysphoria be dismissed with prejudice. Magistrate Judge Hummel also recommended that the Court dismiss with prejudice any claims against the individual defendants under the ADA and that Plaintiff's gender identity claims under the New York State Human Rights Law be dismissed without prejudice to repleading.  Id.  The Court accepted and adopted this Report-Recommendation on January 23, 2020.  See dkt. # 6.

After service of the Complaint, Defendant City of Albany filed the instant motion to dismiss.  Plaintiff did not respond to the motion.

## II.   LEGAL STANDARD

Defendant City of Albany has filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant argues that Plaintiff has not stated a claim upon which relief could be granted, even if all factual allegations in the complaint were proved true.  In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of

4

the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). When, as here, the Plaintiff proceeds pro se, the Court must "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "This is especially true when dealing with pro se complaints alleging civil rights violations." Id.

Plaintiff did not respond to the motion. Since "no response was necessary" to a 12(b)(6) motion to dismiss, the Court will apply the appropriate legal standard and determine whether Plaintiff's Amended Complaint states a claim upon which relief could be granted. Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).

### III. ANALYSIS

Defendant City of Albany seeks dismissal of Plaintiff's Complaint. While Defendant has not answered the Complaint and brings the motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant's briefing does not cite the above-stated legal standard. Indeed, Defendant's briefing does not cite any legal standard, though Defendant's filings do include a statement of material facts, allegedly brought pursuant to "Local Rule 7.1(F)."[2]

Local Rule 7.1 covers motion practice. NEW YORK NORTHERN DISTRICT LOCAL RULE 7.1. As a general matter, "all motions and opposition motions require a memorandum of law, supporting affidavit, and proof of service on all parties." L.R. 7.1(a). The Rules also

---

[2] No Local Rule 7.1(F) exists. Local Rule 7.1(f) provides rules for parties seeking a temporary restraining order. L.R. 7.1(f).

sets forth "[a]dditional requirements for specific types of motions[.]"  Id.  The Rules require a statement of material facts in conjunction with a motion for summary judgment.  See L.R. 7.1(a)(3).  Each motion for summary judgment must contain such a statement, which "set[s] forth, in numbered paragraphs, a short and concise statement of each material fact about which the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established."  Id. Defendant's statement contains no citations to the record, though it does include numbered paragraphs.

      Defendant, it appears, would prefer that the Court decide its motion to dismiss on the record rather than the pleadings.  The Federal Rules of Civil Procedure provide for such an occurrence.  Rule 12(d) permits a court to consider matters outside the pleadings when deciding a motion to dismiss.  Under that Rule, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  A court that takes that approach must provide "[a]ll parties . . . a reasonable opportunity to produce all the material that is pertinent to the motion."  Id.  The Court declines to take that step, since Defendant's motion can be decided on the Complaint that Plaintiff filed and the record has not yet been developed.

      In essence, Defendant argues that the City of Albany played no role in the events that led to Plaintiff's Complaint.  Plaintiff's Complaint, Defendant argues, asserts she was harmed by the conduct of the CDTA and Officers and agents of the City of Watervliet and the CDTA.  Since the City of Albany has no control of either of those entities, Defendant argues, the Complaint fails to state a claim against Defendant City of Albany.

6

The Complaint does not contain any specific allegations against the City of Albany. See dkt. # 1. Indeed, the formal typed document containing specific allegations that Plaintiff attached to her handwritten form pro-se Complaint does not name the City of Albany in the caption. Instead, Plaintiff names the County of Albany. She further alleges that the County of Albany "operates the Capital District Transportation Authority." Id. Her handwritten complaint names the City of Albany, but lists as the address of that Defendant the address for Daniel McCoy, the Albany County Executive. The Complaint does mention "the Municipality of Albany," but only to describe why venue is proper in this District. None of the facts in the Complaint make any mention of any conduct by any person connected with the City of Albany.

Under those circumstances, the Court must find that Plaintiff has not alleged any facts which make it plausible that the City of Albany could be liable to her under any of the causes of action stated in the Complaint. The Court will grant the Defendant's motion to dismiss. Because, however, Plaintiff proceeds pro se, the Court will not dismiss the Complaint against that Defendant with prejudice. Plaintiff may file an amended complaint if she is aware of facts by which she could plausibly allege that the City of Albany injured her.

## IV.     CONCLUSION

For the reasons states above, Defendant City of Albany's motion to dismiss, dkt. # 12, is hereby GRANTED without prejudice. Plaintiff may file an amended complaint within thirty days of the date of this order. Failure to file an amended complaint within that time will cause the Court to consider Plaintiff to have abandoned any claims against the City of Albany arising from this incident.

Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.  Any amended complaint must be a complete pleading and include all facts and claims not otherwise dismissed by the Court with prejudice.  Therefore, if plaintiff files an amended complaint, she **must properly allege in the amended complaint all factual bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**</u>
**IT IS SO ORDERED.**

Dated: August 11, 2020

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge